IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| JANON POWEL, Individually & On Behalf of All Others Similarly Situated, § § § § Plaintiff, § § v. § § STATE FARM MUTUAL AUTOMOBILE § INSURANCE COMPANY, § § Defendant. § | CIVIL ACTION NO: 2:25-CV-00317 |

## PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**COMES NOW, JANON POWELL,** Individually & On Behalf of All Others Similarly Situated, and files this Original Complaint against **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** and, in support thereof, would respectfully show unto the Court as follows —

### I.

### PARTIES

1. ***JANON POWELL*** is an individual residing in the Eastern District of Texas.

2. ***STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("STATE FARM")*** is a foreign mutual company with its principal place of business located Bloomington, Illinois. It may be served through its registered agent, CORPORATION SERVICE COMPANY, at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## *II.*

## *JURISDICTION & VENUE*

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(A) (West 2025) in that this is a class action in which the amount in controversy exceeds the sum or value of $5,000,000.00 and **JANON POWELL** and the vast majority of the unnamed members of the proposed class are citizens of a state different from **STATE FARM**.

4. Venue is proper before this Court in that all of the operative events giving rise to Plaintiff's claims including the delivery of the affected policy; the underlying automobile crash and Defendant's misdirection of Plaintiff's personal injury protection benefits all occurred in the Eastern District of Texas.

## *III.*

## *NATURE OF SUIT*

5. This is a suit alleging breach of contract and violations of the Texas Insurance Code brought by **JANON POWELL** for herself and the many other insureds whose Texas personal injury protection coverage benefits **STATE FARM** paid directly to medical providers without a written assignment of benefits signed by the person to whom the benefits were payable.

6. **JANON POWELL** seeks to enjoin **STATE FARM** from such conduct and recover contractual benefits to which the Class members are entitled together with the 12% penalty prescribed by Texas Insurance Code § 1952.157; interest of 18% *per annum* as prescribed by Texas Insurance Code § 542.058 and reasonable attorney's fees.

## *IV.*

## **LEGAL BACKGROUND**

7. The Texas Insurance Code (the "Code") requires that every policy of automobile liability insurance issued in this state include personal injury protection unless rejected in writing by the named insured. TEX. INS. CODE § 1952.152 (West 2025).

8. Further, the Code mandates that personal injury protection coverage provide for payment "*to the named insured, members of the insured's household and any authorized operator or passenger of the named insured's motor vehicle, including a guest occupant*, *of all reasonable expenses that (1) arise from an accident; (2) are incurred not later than the third anniversary of the date of the accident and (3) are for (a) necessary medical, surgical, x-ray or dental services including prosthetic services and necessary ambulance, hospital, professional nursing or funeral services.*" *Id.* at § 1952.151 (emphasis added).

9. The Code further expressly provides that "*not later than the 15th day . . . after the date an insurer receives notice of a claim, the insurer shall acknowledge receipt of the claim, commence any investigation of the claim and request from the claimant all items, statements and forms that the insurer reasonably believes, at that time, will be required from the claimant.*" *Id.* at § 542.055(a).

10. The Code likewise requires an insurer to "*notify a claimant in writing of the acceptance or rejection of a claim not later than the 15th business day after the date the insurer receives all items, statements and forms required by the insurer to secure final proof of loss.*" *Id.* at § 542.056(a).

11. The Code further specifically provides that "*[i]f an insurer, after receiving all items, statements and forms reasonably requested and required, delays payment of a claim **for a period exceeding the period specified by other applicable statutes** or, if other statutes do not specify a period, for more than sixty (60) days, the insurer shall pay damages and other items as provided by Texas Insurance Code § 542.060.*" *Id.* at § 542.058 (emphasis added).

12. According to the express terms of § 542.060, an insurer which violates any of the foregoing strictures is "*liable to pay the holder of the policy or the beneficiary making the claim under the policy, in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages together with reasonable and necessary attorney's fees.*" *Id.* at § 542.060.

13. The damages to be awarded under § 542.060 of the Code are expressly "**not exclusive**" and are "*in addition to any other remedy or procedure provided by law or at common law.*" *Id.* at § 542.061 (emphasis added).

14. Similarly, with regard to Texas personal injury protection coverage, the Code requires an insurer to pay benefits "**not later than the thirtieth (30) day after the insurer receives satisfactory proof of a claim**." *Id.* at § 1952.156(a)(emphasis added).

15. Section 1952.157 further provides that in the event an insurer "*fails to pay [personal injury protection benefits] when due, the person entitled to those benefits may bring an action in contract to recover the benefits.*" *Id.* at § 1952.157.

16. Finally, if an insurer is required to pay past due personal injury protection benefits, § 1952.157 dictates that *"the person entitled to those benefits is entitled to recover reasonable attorney's fees, a penalty of 12% and interest at the legal rate from the date those amounts became overdue."* Id. at § 1952.157.

## V.

## FACTUAL BACKGROUND

17. On April 6, 2024, **JANON POWELL** sustained bodily injuries in an automobile accident in the Eastern District of Texas.

18. Immediately following the accident, representatives of UT Health Emergency Medical Services transported **JANON POWELL** to UT Health Tyler where she incurred medical expenses of $45,898.75 for treatment of the injuries she sustained in the accident.

19. At all times relevant herein, **JANON POWELL** was insured against health car expenses by Blue Cross Blue Shield of Alabama.

20. **JANON POWELL** was further insured by a policy of Texas automobile liability insurance issued and delivered in the Eastern District of Texas by **STATE FARM** ("the Policy").

21. The Policy included $2,500.00 per person of personal injury protection coverage.

22. More specifically, **STATE FARM** covenanted, *"We will pay Personal Injury Protection benefits because of bodily injury (1) resulting from an automobile accident and (2) sustained by a covered person including "reasonable expenses incurred for necessary medical and funeral services."*

23. The Policy further provided that "*Payments for medical expenses will be paid directly to a physician or other health care provider <u>if we receive a written assignment signed by the covered person to whom such benefits are payable</u>.*"

> **ASSIGNMENT OF BENEFITS**
>
> Payments for medical expenses will be paid directly to a physician or other health care provider if we receive a written assignment signed by the ***covered person*** to whom such benefits are payable.

24. On April 16, 2024, UT Health Tyler electronically transmitted an invoice for $45,898.75 to **STATE FARM** and demanded payment of the personal injury protection benefits benefits available under the Policy.

25. On April 23, 2024, **JANON POWELL** submitted the UT Health Tyler bill to **STATE FARM** and requested **STATE FARM** pay the Policy's full $2,500.00 in personal injury protection benefit to her.

26. On April 26, 2024 — a mere three days after its receipt of **JANON POWELL**'s presentation and demand — **STATE FARM** paid the full $2,500.00 limit of the Policy's personal injury protection coverage directly to UT Health Tyler.

27. At the time it paid UT Health Tyler the personal injury protection benefits to which **JANON POWELL** was entitled, **STATE FARM** did not possess a written assignment of benefits executed by **JANON POWELL**.

28. Significantly, the Blue Cross Blue Shield of Alabama health insurance plan to which **JANON POWELL** subscribed limited her liability for the charges of UT Health Tyler to a mere $1,904.00.

## VI.

## CAUSES OF ACTION

### A.

### BREACH OF CONTRACT

29. **JANON POWELL** would show the Court that **STATE FARM** failed to comply with the agreement contained in the Policy including the provisions of the Texas Insurance Code incorporated therein.

30. More specifically, **STATE FARM** did not pay **JANON POWELL**'s claim for $2,500.00 in personal injury protection benefits to her as required by § 1952.151 of the Texas Insurance Code.

31. Likewise, **STATE FARM** did not pay personal injury protection benefits to **JANON POWELL** within thirty days after receiving all items, statements and forms reasonably requested and required. *Cf.* TEX. INS. CODE § 542.058 (West 2025).

32. Likewise, **STATE FARM** did not pay **JANON POWELL**'s claim for $2,500.00 in personal injury protection benefits not later than the thirtieth (30) day after it received satisfactory proof of **JANON POWELL**'s claim. *Cf. id.* at § 1952.156(a)

### *B.*

### *TEXAS INSURANCE CODE VIOLATIONS*

33. Similarly, **JANON POWELL** would show the Court that **STATE FARM** violated the Texas Insurance Code.

34. More specifically, **STATE FARM** did not pay **JANON POWELL**'s claim for $2,500.00 in personal injury protection benefits within thirty days after receiving all items, statements and forms reasonably requested and required. *Cf.* TEX. INS. CODE § 542.058 (West 2025).

35. Likewise, **STATE FARM** did not pay **JANON POWELL**'s claim for $2,500.00 in personal injury protection benefits not later than the thirtieth (30) day after it received satisfactory proof of **JANON POWELL**'s claim. *Cf. id.* at § 1952.156(a).

36. **STATE FARM** did not pay the 18% interest imposed by § 542.060 of the Code on **JANON POWELL**'s claim for $2,500.00 in personal injury protection benefits.

37. **STATE FARM** did not pay the 12% penalty imposed by § 1952.157 of the Code on **JANON POWELL**'s claim for $2,500.00 in personal injury protection benefits.

38. **STATE FARM** did not pay reasonable attorneys fees associated with the presentation and prosecution of **JANON POWELL**'s claim for $2,500.00 in personal injury protection benefits.

## VI.

## *CLASS ACTION ALLEGATIONS*

### A.

### *PRE-REQUISITES OF RULE 23(a)*

28. **JANON POWELL** brings this action for herself and on behalf of all others similarly situated. The Class Plaintiff seeks to represent is defined as follows —

    *All persons whose Texas personal injury protection benefits **STATE FARM** paid directly to a physician or other health care provider since March 28, 2021 without a written assignment of benefits signed by the person to whom the benefits are payable.*

29. The proposed Class does not include the Judges of this Honorable Court, the Justices of the United States Court of Appeals for the Fifth Circuit, the Justices of the United States Supreme Court, the United States of America, the State of Texas or any affiliated or related entities.

30. Plaintiff would show the Court that, due to their numerosity, the joinder of individual class members in this case is patently impracticable. FED. R. CIV. P. 23(a)(1).

31. From 2021 through the third quarter of 2024, for example, **STATE FARM** paid more than 75,000 personal injury protection claims totaling approximately $250,000,000.00.

32. For these reasons alone, Plaintiff anticipates that the Class will include thousands of individuals scattered throughout the State of Texas. The precise location and identity of these individuals and entities is presently known only to **STATE FARM**.

33. Plaintiff would further show the Court that there is a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented in this action which predominate over questions that may affect only individual class members. FED. R. CIV. P. 23(a)(2).

34. The issues common to the class include, but are not limited to —

    (a) whether **STATE FARM** may pay personal injury protection benefits directly to a physician or other health care provider without a written assignment of benefits signed by the person to whom the benefits are payable;

    (b) the extent to which **JANON POWELL** and the other members of the Class are entitled to actual damages;

    (c) the extent to which **JANON POWELL** and the other members of the Class are entitled to the 12% penalty prescribed by § 1952.157 of the Texas Insurance Code;

    (d) the extent to which **JANON POWELL** and the other members of the Class are entitled to the 18% per annum interest prescribed by § 542.058 of the Texas Insurance Code;

    (e) whether the Court should permanently enjoin **STATE FARM** from paying personal injury protection benefits directly to a physician or other health care provider without a written assignment of benefits signed by the person to whom the benefits are payable and

    (f) the extent to which **JANON POWELL** and the other members of the Class are entitled to reasonable attorney's fees.

35. Plaintiff would further show the Court that the claims of **JANON POWELL** are typical of the claims of the Class as a whole. FED. R. CIV. P. 23(a)(3).

36. Like the other members of the Class, **JANON POWELL** (a) incurred reasonable and necessary expenses for medical care as a result of an automobile accident while insured by a **STATE FARM** automobile liability policy that included personal injury protection; (b) presented a claim for personal injury protection benefits and (c) saw **STATE FARM** pay the benefits to which she was entitled directly to a health care provider without a written assignment of benefits executed by her. She alleges the misdirection of the benefits was a breach of the insurance contract and a violation of the Texas Insurance Code.

37. Further, **JANON POWELL** would further show the Court that she will adequately represent the interests of the entire Class. FED. R. CIV. P. 23(a)(4). She will vigorously pursue her claims and protect the interests of the absent Class members. There is no antagonism or conflict of interest between **JANON POWELL** and the other members of the Class.

38. Finally, **JANON POWELL** has retained competent counsel to pursue the interests of the Class. Most notably, the undersigned served as Class Counsel in *Bailey v. Kemper Casualty Insurance Co.*, 83 S.W.3d 840 (Tex. App. — Texarkana 2003, pet. ref'd w.o.j). in which the plaintiffs successfully prosecuted the same claims asserted in this case when Kemper Casualty Insurance Company paid personal injury protection benefits directly to a health care provider without a written assignment of benefits. The Texarkana Court of Appeals affirmed class certification, and the Texas Supreme Court denied Kemper's petition for review.

39. The undersigned has likewise been appointed to serve as class counsel in a number of national and statewide class actions before this Court including *Vaughn v. American Honda Motor Co.*; *BMR Transport, Inc. v. Travelers Insurance Co.*; *Perry v. Hartford Accident & Indemnity Co., et al.* and *L.K. Davis Engineering v. Mid-Continent Insurance Co., et al.*

### B.

### *PRE-REQUISITES OF RULE 23(b)*

40. **JANON POWELL** would further show the Court that this case is maintainable as a class action under Rule 23(b)(2), FED. R. CIV. P., in that **STATE FARM** has acted and refused to act on grounds generally applicable to the entire Class thereby making injunctive and declaratory relief appropriate as to the Class as a whole.

41. More particularly, **STATE FARM** has paid — and continues to pay — personal injury protection benefits directly to physicians and other health care providers without a written assignment of benefits signed by the person to whom the benefits are payable.

42. As a result, **JANON POWELL** and other current policyholders and/or personal injury protection claimants will benefit from a declaration that **STATE FARM** cannot pay personal injury protection benefits directly to physicians and other health care providers without a written assignment of benefits signed by the person to whom the benefits are payable.

43. Likewise, *JANON POWELL* and other current policyholders and/or personal injury protection claimants will benefit from an injunction preventing *STATE FARM* from paying personal injury protection benefits directly to physicians and other health care providers without a written assignment of benefits signed by the person to whom the benefits are payable.

44. *JANON POWELL* would further show the Court that this case is maintainable as a class action under Rule 23(b)(3), FED. R. CIV. P., in that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

## VIII.

## REQUEST FOR DECLARATORY RELIEF

45. Pursuant to 28 U.S.C. § 2201 (West 2025) and § 37.001 of the Texas Civil Practices & Remedies Code, *JANON POWELL* asks the Court for a declaration that *STATE FARM* cannot pay personal injury protection benefits directly to physicians and other health care providers without a written assignment of benefits signed by the person to whom the benefits are payable.

## IX.

## **REQUEST FOR INJUNCTIVE RELIEF**

46. **JANON POWELL** invokes the equitable power of the Court for a permanent injunction barring **STATE FARM** from paying personal injury protection benefits directly to physicians and other health care providers without a written assignment of benefits signed by the person to whom the benefits are payable.

## VII.

## **DAMAGES**

47. By its conduct described herein, **STATE FARM** has deprived **JANON POWELL** of $2,500.00 of personal injury protection benefits to which she is entitled under the Policy.

48. **JANON POWELL** is further entitled to a statutory penalty of 12% of the $2,500.00 in Texas personal injury protection benefits paid to directly to UT Health Tyler without a written assignment of benefits signed by the her as provided by Texas Insurance Code § 1952.157(b) (West 2025).

49. **JANON POWELL** is further entitled to statutory interest of 18% *per annum* on the $2,500.00 in Texas personal injury protection benefits paid to directly to UT Health Tyler without a written assignment of benefits signed by her as provided by Texas Insurance Code § 542.060 (West 2025).

50. **JANON POWELL** likewise brings this action to recover contractual damages, a statutory penalty of 12% and statutory interest of 18% *per annum* on the amount of all Texas personal injury protection benefits paid to directly to health care providers without a written assignment of benefits signed by the person entitled to the benefits as mandated by Texas Insurance Code §§ 542.060, 1952.157(b).

51. Given the scope of the class and volume of personal injury protection coverage written by **STATE FARM** in the previous four (4) years, Plaintiff anticipates that these damages will greatly exceed $5 million.

**WHEREFORE, PREMISES CONSIDERED**, **JANON POWELL,** Individually & On Behalf of All Others Similarly Situated, respectfully prays that the Court —

- Declare that **STATE FARM** cannot pay personal injury protection benefits directly to a physician or other health care provider without a written assignment of benefits signed by the person to whom the benefits are payable.

- Enjoin **STATE FARM** from paying personal injury protection benefits directly to a physician or other health care provider without a written assignment of benefits signed by the person to whom the benefits are payable;

- Award **JANON POWELL** and the unnamed members of the Class their actual damages;

- Award **JANON POWELL** and the unnamed members of the Class a statutory penalty equal to 12% of the amount of personal injury protection coverage benefits **STATE FARM** paid directly to a physician or other health care provider without a written assignment of benefits signed by the person to whom the benefits are payable;

- Award ***JANON POWELL*** and the unnamed members of the Class a statutory interest of 18% *per annum* on the amount of personal injury protection coverage benefits ***STATE FARM*** paid directly to a physician or other health care provider without a written assignment of benefits signed by the person to whom the benefits are payable;

- Award the Class its reasonable attorney's fees, litigation expenses and costs of Court including the cost of Class member notification;

- Issue notice of the pendency of this action and the Court's final judgment to the Class and

- Grant such other legal or equitable relief to which ***JANON POWELL*** and/or the Class may be justly entitled.

Respectfully submitted,

/s/ *James Holmes*

James A. Holmes (Attorney in Charge)
Texas Bar No. 00784290

***THE LAW OFFICE OF JAMES HOLMES, P.C.***

212 SOUTH MARSHALL
HENDERSON, TEXAS 75654
(903) 657-2800
(903) 657-2855 (fax)
jh@JamesHolmesLaw.com

***ATTORNEY FOR PLAINTIFF***

